37132. SECKINGER *et al. v.* BROGDON.

DECIDED MAY 30, 1958—REHEARING DENIED JUNE 19, 1958.

*Allyn M. Wallace, Lewis, Wylly & Javetz, John C. Wylly,* for plaintiffs in error.

*Myrick, Myrick & Richardson, Shelby Myrick, Jr., George Fetzer, Walton Usher,* contra.

GARDNER, Presiding Judge. According to the findings of Judge Anderson, who was acting in lieu of the disqualified ordinary, counsel for all parties concerned agreed that Judge Anderson should pass on the jurisdiction as well as the general issues. It is his judgment that the jurisdiction of the person and property of the minor children was and is in the Court of Ordinary of Effingham County. We have quoted his order hereinabove. This order was final and none of the parties could upset this judgment by giving jurisdiction to Chatham County or to any other jurisdiction. It follows that what was done in Chatham County is immaterial.

We have considered the numerous authorities submitted by counsel for each party and we find nothing in the decisions or the Code sections sufficiently applicable to show that the judgments of the Superior Court of Effingham should be reversed.

*Judgment affirmed. Carlisle, Quillian and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, Chief Judge, and Townsend, Judge, dissenting. We

think the court erred in sustaining the general demurrer to the plea in abatement. The plea in abatement alleged that the caveators had legal possession and control of the minor children under an interlocutory order in adoption proceedings in Chatham County in which the caveators were the petitioners. Nothing else appearing, it will be presumed that the Superior Court of Chatham County had jurisdiction of the adoption proceedings. If there had been any question as to jurisdiction it should have been raised in Chatham Superior Court. If the question of jurisdiction was raised and decided adversely to Mrs. Brogdon, she should have excepted. If she did not raise the question of jurisdiction, the jurisdiction of the court would be conclusively presumed unless it appears from the record that the court was without jurisdiction. In an adoption proceeding the petition must allege written consent of the parents if they are alive and have not abandoned the children. If the parents are dead, as the record shows that the parents were in this case, the consent of a guardian to the adoption must be alleged in the petition if the child has a guardian of its person at the time of the filing of the adoption proceeding. We think that Code (Ann.) § 74-406 providing for the consent of a guardian, means a guardian who has qualified at the time of the petition for adoption and has the actual custody and control of the minor. Both a guardianship proceeding and an adoption proceeding involve the custody of minors but an adoption proceeding is more comprehensive and involves considerably more than the mere right to the custody and control of a minor (*Rives* v. *Sneed,* 25 *Ga.* 612, 622), and it seems to us that, even though a proceeding for a guardianship is instituted prior to the filing of a petition for adoption, where an interlocutory order is entered in the adoption proceeding, giving custody and control of the minors to the petitioners, the order and judgment in the adoption proceedings should take precedence of the pending application for guardianship which has not become final before such an interlocutory order, and such an interlocutory order should abate the guardianship proceedings until the final judgment is passed in the adoption proceedings, and in the event the petition for adoption is granted and the judgment made absolute, it would become a complete bar to the guardianship proceedings. In the event the petition for adoption

is finally denied, the guardianship proceedings could proceed unabated.

If one could be appointed the guardian of a minor either before or after adoption proceedings are begun, and without having obtained custody and control of the minors involved, refuse to consent to the adoption prayed for, any adoption could be made impossible by the mere objection of such a guardian, and we do not think the law intended for such a situation ever to arise. It so happens in this case that the application for guardianship was filed first, but if we rule that in such circumstances a guardian could be appointed and object to the adoption asked for, one could apply for guardianship subsequently to a petition for adoption and prevent an adoption at will. We think that the dictates of common sense and sound public policy require this conclusion to bring it about that the court having before it the most important, the most comprehensive question may have a completely free hand in deciding the most vital issue of all, namely, what are the best interests of the children no matter which proceeding was begun first.

### On Motion for Rehearing.

William B. Seckinger and Dahlia Futch Seckinger contend, in the motion for rehearing, that they are adopting parents. They are not parents. The parents of the minor children are dead.

They contend also that the order of March 5, 1957, of the Ordinary of Effingham County appointing Mrs. Margaret B. Brogdon as guardian was superseded by the temporary order of adoption of the Judge of the Superior Court of Chatham County of October 8, 1957, in favor of the Seckingers. This was only a temporary order because, under Code § 74-404 the children could not be finally adopted within six months from the date of such order. That Code section reads: "Upon the first hearing the court may pass an order only granting temporary custody of the child to the petitioner. Final adoption shall be granted only upon a second hearing after the child shall have been in the custody and care of the petitioner for a period of six months. . ."

The law provides further that before the final adoption of the children the guardian, Mrs. Brogdon, must consent to such adoption. See Code § 74-406, which reads: "If the child has a guard-

ian of its person, the consent of such guardian shall be required. . . ." It is true that Mrs. Brogdon has not qualified as guardian by giving bond, etc., for the reason that the Seckingers have been litigating her appointment as guardian and her qualifications as guardian from the beginning to the present time, and when the matter was finally before Judge Renfroe, he sustained a demurrer to the plea in abatement. Judge Renfroe passed an order denying the contentions of the Seckingers from the beginning to the end and entered a final judgment sustaining the contentions of Mrs. Brogdon from the beginning to the end. Since Mrs. Brogdon has been prevented from qualifying as guardian by the continuous litigation of the Seckingers, the litigation which was served on Mrs. Brogdon regarding the alleged adoption proceedings in Chatham County necessitated her appearance there as an *individual* only, and not as guardian.